UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KETWAIN MERIDITH,

        Plaintiff,

v.

MICHAEL J. BOUCHARD, et al.,

        Defendants.
_____/

CASE NO. 05-74292

HON. LAWRENCE P. ZATKOFF

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on May 22, 2006

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

On November 25, 2005, Plaintiff filed his Complaint (Docket #1). On February 2, 2006, Defendants filed a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 (Docket #11). On February 24, 2006, Plaintiff filed a Notice of Voluntary Dismissal (Docket #12). The Clerk's Office entered the Notice of Voluntary Dismissal and closed the case. Defendant subsequently filed an objection to the dismissal of the case because the Notice of Voluntary Dismissal does not comport with the requirements of Fed. R. Civ. P. 41 (Docket #13). Defendants ask the Court to either (1) dismiss the action with prejudice, or (2) award Defendants $1,500 in attorney fees for the cost incurred by Defendants in defending the action.

Rule 41 provides that a plaintiff's unilateral Notice of Voluntary Dismissal is only proper if it is filed before the defendants file an answer or dispositive motion. In this case, the Notice of Voluntary Dismissal was filed after Defendants filed their Motion for Summary Judgment. Therefore, the Plaintiff's Notice of Voluntary Dismissal should not have caused the Clerk's office

to close the case. Accordingly, the Court ORDERS that the Clerk's office reopen this case pending further direction of the Court.

With respect to Defendant's objections, the Court does not see the benefit of requiring Plaintiff to pay $1,500 in exchange for having this matter dismissed without prejudice. Plaintiff is incarcerated and, based on his Complaint, it appears he will be incarcerated for some period of time. Accordingly, the Court does not believe that Defendants will be able to collect such sum in a timely manner, if at all.

Having said that, Plaintiff has been paying on the filing fees he owes for initiating this case. As such, the Court believes Plaintiff should have the limited right to decide how to proceed with this case. First, Plaintiff can prosecute his case by filing a response to Defendants' Motion for Summary Judgment with the Court on or before June 23, 2006. Alternatively, Plaintiff can elect to file a Notice of Dismissal that expressly states "Plaintiff acknowledges that this dismissal is with prejudice." If Plaintiff elects to file a Notice of Dismissal with prejudice, he must do so on or before June 23, 2006, and the case will be terminated by the Court.

In the event Plaintiff fails to respond to this Order on or before June 23, 2006, this Court shall consider the arguments of Defendants in their Motion for Summary Judgment and issue a written opinion of the Court's findings and conclusions promptly thereafter.

IT IS SO ORDERED.

s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2006

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 22, 2006.

                                          s/Marie E. Verlinde  
                                          Case Manager  
                                          (810) 984-3290